IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donald Ragland, | ) | |
|        *Plaintiff,* | ) | |
| | ) | |
|        -vs- | ) | No. 16-cv-____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | *(jury demand)* |
| | ) | |
|        *Defendants.* | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, and 29 U.S.C. § 794a(a)(2).

2. Plaintiff Donald Ragland is a resident of the Northern District of Illinois.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only on plaintiff's claims under the ADA and the Rehabilitation Act.

4. Defendants Cook County and the Sheriff of Cook County share responsibility for the needs of detainees incarcerated at the Cook County Jail.

5. Defendant Cook County is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003). Plaintiff's claims against Cook County are not limited to indemnification.

6. From approximately August 28, 2014 to December 4, 2014 plaintiff Ragland was a pre-trial detainee in the Sheriff's custody when he attending court at the Markham Courthouse and required the assistance of a wheelchair to move from place to place.

7. At all times relevant, the Markham Courthouse was not accessible for a wheelchair using person, like plaintiff. For example, wheelchair using inmates were required to roll up and down very steep ramps in the loading area of the Markham Courthouse, were required to wait in lower level holding areas without access to a toilet and sink designated for a wheelchair using person, and did not have access to toilet facilities adjacent to the designated courtrooms.

8. At all times relevant, defendants knew the Markham Courthouse did not meet architectural standards under the ADA for wheelchair using prisoners and failed to provide a reasonable accommodation to overcome the physical barriers.

9. In addition to being required to navigate very steep and long ramps without assistance, plaintiff urinated on himself during one Markham Court appearance in November 2014 as a result of defendants' deliberate indifference to his rights secured under federal law.

10. Plaintiff requests trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in plaintiff's favor and that the Court award appropriate compensatory damages. In addition, plaintiff requests that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste Rear
Chicago, IL. 60643
(773) 233-7900
*Attorney for Plaintiff*